IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 21-cv-0317-WJM-MEH

PRAIRIE PROTECTION COLORADO, a Colorado non-profit corporation, and
MICHAELA HINERMAN, an individual,

    Plaintiffs,

v.

USDA APHIS WILDLIFE SERVICES, a federal agency, and
JANET L. BUCKNALL, Deputy Administrator of USDA APHIS Wildlife Services,

    Defendants.

---

**ORDER DISMISSING CASE WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE**

---

This matter is before the Court *sua sponte*. On December 13, 2022, the Court issued an Order granting Defendants' Motion to Dismiss the Second Amended Complaint Under Rule 12(b)(1) and 12(b)(6) and dismissing Plaintiffs' Second Amended Complaint without prejudice. (ECF No. 43.) The Court did not set a deadline by which Plaintiffs were required to file an amended pleading; regardless, to date, they have not filed one. In fact, there has been no activity in this case by any party since the Court dismissed Plaintiffs' Second Amended Complaint.

Local Rule of Civil Practice 41.1, D.C.COLO.LCivR, provides:

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

D.C.COLO.LCivR 41.1.

1

"A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002). When issuing sanctions for failure to prosecute, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007).

On January 18, 2023, the Court issued its Order to Show Cause directing Plaintiffs to show cause no later than January 24, 2023 as to why the Court should not dismiss this action for failure to prosecute under D.C.COLO.LCivR 41.1. (ECF No. 44.) In the Order to Show Cause, the Court stated: "Plaintiffs are specifically advised that a failure to respond to this Order to Show Cause will result in this Court dismissing this civil action without prejudice without further Order of the Court." (*Id.*)

Plaintiffs did not respond to the Order to Show Cause, and the time in which to do so has passed. Therefore, the Court hereby DISMISSES this case WITHOUT PREJUDICE for failure to prosecute. The Clerk shall enter judgment and shall thereafter terminate this action.

Dated this 25th day of January, 2023.

BY THE COURT:

_____
William J. Martínez
United States District Judge

2